**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 3 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIEL BUSTOS PENALOZA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71416

Agency No. A209-134-905

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Gabriel Bustos Penaloza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We grant the petition for review and remand.

Substantial evidence does not support the agency's determination that Bustos Penaloza failed to establish he was or would be harmed on account of a protected ground in Mexico, including his actual or imputed political opinion. *See Song v. Sessions*, 882 F.3d 837, 841-43 (9th Cir. 2017) (record compelled finding that one central reason for petitioner's mistreatment was his imputed political opinion); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) ("'[A] reason' is a less demanding standard than 'one central reason.'"). Thus, we grant the petition for review as to Bustos Penaloza's asylum and withholding of removal claims and remand to the agency for further proceedings consistent with this disposition. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We do not reach Bustos Penaloza's contention regarding whether the Mexican government is unwilling or unable to control his persecutors. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("We may affirm the [agency] only on grounds set forth in the opinion under review.").

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**